UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSE BARBONTIN SALAS, (TDCJ-CID #01979973) | § § § § | |
| Petitioner, VS. | § § | CIVIL ACTION NO. 6:16-CV-27 |
| LORIE DAVIS, | § § § | |
| Respondent. | | |

# MEMORANDUM OPINION AND ORDER

Petitioner Jose Barbontin Salas, a state prisoner proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 24th Judicial District Court of DeWitt County, Texas. Respondent has filed a motion for summary judgment (Docket No. 31) arguing that the petition is barred by the statute of limitations. (Docket No. 31.) Salas has filed an opposition to the motion. (Docket No. 33.) After considering the pleadings and filings, the record, and the applicable law, the Court will dismiss the petition as time-barred for the reasons explained below.

## I.    BACKGROUND

On April 4, 2014, a grand jury in DeWitt County, Texas, returned an indictment against Salas in Cause No. 14-05-11,997, charging him with evading arrest with a vehicle. (Docket No. 15-1, at 7). A jury in the 24th District Court of DeWitt County found him guilty as charged in the indictment. (Docket No. 15-3, at 27); *see also Salas v. Texas*, No.13-15-00070-CR, 2015 WL 5136966, at *1 (Tex. App.—Corpus Christi Aug. 31, 2015). Salas's sentence was enhanced for being a habitual felony offender, and he

was sentenced to life imprisonment. (*See* Docket No. 15-3, at 33); *Salas*, 2015 WL 5136966, at *1. Salas filed a direct appeal of his conviction. (*See* Docket No. 15-3, at 35–36); *Salas*, 2015 WL 5136966, at *1. On August 31, 2015, the Thirteenth Court of Appeals issued an opinion affirming the judgment of the trial court. (*See* Docket Nos. 15-8; 15-9); *Salas*, 2015 WL 5136966. The Thirteenth Court Appeals granted Salas's request for an extension of time to file a petition for discretionary review ("PDR"), which extended the time to file the PDR until December 28, 2015. (*See* Docket Nos. 15-10; 15-11). Ultimately, Salas never filed a PDR. The mandate was issued on February 17, 2016. *See* Thirteenth Court of Appeals, *Texas Judicial Branch*, http://www.search.txcourts.gov/Case.aspx?cn=13-15-00070-CR&coa=coa13 (last visited Feb. 10, 2020). Salas did not file a petition for writ of certiorari with the United States Supreme Court. (*See* Docket No. 1, at 3).

Salas filed a state application for writ of habeas corpus on November 9, 2015. (Docket No. 15-25, at 39–55). On January 20, 2016, the Texas Court of Criminal Appeals dismissed the application because Salas's conviction was not final, as the mandate had not issued at the time the application was filed in the trial court. (Docket No. 15-23).

On March 23, 2016, Salas filed a federal petition for writ of habeas corpus. (*See* Docket No. 1, at 10). On February 1, 2018, the petition was dismissed without prejudice for failure to exhaust state court remedies. (Docket Nos. 25, 26).

Salas then filed a second state application for writ of habeas corpus on March 6, 2018. (Docket No. 32-2, at 39–43; Docket No. 32-3, at 1–15). On May 16, 2018, the

Texas Court of Criminal Appeals denied the application without written order. (Docket No. 32-1).

On September 16, 2018, Salas filed a third state application for writ of habeas corpus, (Docket No. 32-8, at 54), and on October 24, 2018, the Texas Court of Criminal Appeals dismissed the petition as noncompliant with Rule 73.1 of the Texas Rules of Appellate Procedure. (Docket No. 32-5).

On June 20, 2018, Salas filed a motion to refile his federal habeas petition, and the Court granted the motion on March 29, 2019. (*See* Docket Nos. 28, 29). In seeking habeas relief, Salas claims that his constitutional rights were violated in the following ways: (1) two of the State's witnesses committed perjury at trial; (2) the State introduced "ambiguous" evidence at trial; and (3) he received ineffective assistance of counsel. (Docket No. 1, at 6–7.) Respondent filed a motion for summary judgment on May 28, 2019, arguing that the petition is barred by the statute of limitations. (Docket No. 31). Salas has filed an objection to Respondent's motion for summary judgment. (Docket No. 33).

## II. ANALYSIS

### A. The AEDPA One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitation within which a state prisoner may file a petition challenging a sentence under 28 U.S.C. § 2254. In most cases, the one-year period of limitations runs

from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[1] 28 U.S.C. § 2244(d)(1)(A).

Salas filed a direct appeal of his conviction and it was pending until August 31, 2015, when the Thirteenth Court of Appeals affirmed his conviction. Because Salas received an extension of time until December 28, 2015, to file a PDR (but did not ultimately file one), the time in which he could no longer seek further direct review expired on that date. *See Brown v. Thaler*, 455 F. App'x 401, 405 (5th Cir. 2011) ("Because [petitioner] received an extension to file a PDR, the time in which he could no longer seek further direct review expired on [the extended due date of the PDR]."). Accordingly, the AEDPA limitations period expired on Wednesday, December 28, 2016.

---

[1] The full text of the AEDPA limitations provision reads as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Salas's federal petition, which was filed on March 29, 2019, when the Court granted his motion to refile, is over three years late and time-barred unless statutory or equitable tolling apply.

    B.    **Statutory Tolling**

The one-year limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending[.]" 28 U.S.C. § 2244(d)(2). Salas filed his first state habeas application on November 9, 2015, which was before the mandate was issued on February 17, 2016. The Court of Criminal Appeals dismissed the state habeas application because Salas's conviction was not final, as the mandate had not yet issued. *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004) ("The [Texas Court of Criminal Appeals] 'does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final. A direct appeal is final when the mandate from the court of appeals issues.") (quoting *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)). Because Salas filed his state habeas application before the mandate issued, it is not considered "properly filed" and, accordingly, Salas's first state habeas application did not toll the AEDPA limitations period. *See Larry*, 361 F.3d at 894 (holding that petitioner's state habeas application was not "properly filed"—and thus it did not toll the AEDPA limitations period—when petitioner filed his state habeas application before the court of appeals issued the mandate); *Madden v. Thaler*, 521 F. App'x 316, 320 n.3 (5th Cir. 2013)

(finding that petitioner's state habeas application was not "properly filed" because he submitted it before the mandate had issued) (citations omitted).

Salas's second and third state applications for habeas corpus—filed on March 6, 2018, and September 1, 2018, respectively—did not toll the AEDPA limitations period because they were filed more than two years after the period of limitation had already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original) (holding that petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired"). Therefore, statutory tolling does not render Salas's federal petition timely.

### C. Equitable Tolling

The one-year AEDPA limitations period is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling, however, "is only available in 'rare and exceptional circumstances.'" *Clark v. Davis*, 580 F.3d 770, 784 (5th Cir. 2017) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *accord Holland*, 560 U.S. at 649. "[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied" and this determination is "made on a case-by-case basis." *Holland*, 560 U.S. at 650, 652. Moreover, "[e]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872,

875 (5th Cir. 2006)). While the petitioner bears the burden of establishing that equitable tolling is warranted, the decision of whether to invoke equitable tolling is left to the discretion of the district court. *See Howland*, 507 F.3d at 845; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Here, Salas does not argue that equitable tolling should apply, nor does the record reveal the existence of any rare or exceptional circumstances that would warrant equitable tolling. Accordingly, Salas has failed to meet his burden to show that any extraordinary circumstances prevented him from timely filing his petition and, thus, equitable tolling does not apply.

Accordingly, because Salas did not file his federal habeas petition until March 29, 2019—and neither a statutory nor equitable exception applies—his petition was filed over two years too late and it must be dismissed as time-barred.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner may not appeal the final order of a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1). Rule 11 of the Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The showing necessary for a Certificate of Appealability ("COA") is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues

that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Salas has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket No. 31) is **GRANTED**;

2. The petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket No. 1) is **DISMISSED with prejudice** as time-barred; and

3. A certificate of appealability is **DENIED**.

It is so **ORDERED**.

SIGNED on this 13th day of February, 2020.

_____
Kenneth M. Hoyt
United States District Judge